UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AMANDA F.,

                Plaintiff,

    -v-

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.

_____

19-CV-01026-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 16)

Plaintiff Amanda F.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 10) is granted, defendant's motion (Dkt. No. 14) is denied and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## **BACKGROUND**[2]

Plaintiff filed an application for DIB and SSI on July 8, 2013, alleging disability since May 1, 2013, due to lower back injury. (Administrative Transcript ["Tr."] 63, 69, 82, 295). After Plaintiff's application was denied at the initial level, she requested a hearing by an Administrative Law Judge ("ALJ"). (Tr. 126-132, 136-137). A hearing was held before ALJ Arthur Patane, in Albany, New York, on February 10, 2016. (Tr. 50-60). Plaintiff appeared with counsel. On April 19, 2016, the ALJ issued an unfavorable decision. (Tr. 79-95).

On July 28, 2017, the Appeals Council vacated and remanded the ALJ's decision. (Tr. 96-98). On April 20, 2018, a second hearing was held before ALJ Paul Georger, in Buffalo, New York, at which Plaintiff appeared with counsel. (Tr. 15-49). A vocational expert also appeared. On July 11, 2018, the ALJ issued an unfavorable decision. (Tr. 103-117). Plaintiff requested review of this decision. (Tr. 254-255).

By notice dated March 14, 2019, the Appeals Council accepted review of Plaintiff's claims, noting that the hearing decision had not addressed all available evidence. (Tr. 257-260). On June 6, 2019, the Appeals Council issued its own unfavorable decision, finding that the evidence not addressed in the July 11, 2018 ALJ decision did not support a finding of additional impairments or limitations, and adopting the findings and conclusions in the ALJ's July 11, 2018 hearing decision. (Tr. 1-9). This action followed.

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

## **DISCUSSION**

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as

described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

## II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and

whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment

of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. *The ALJ's Decision*

The ALJ initially determined that Plaintiff met the insured status requirements of the Act through June 30, 2014. (Tr. 106). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of May 1, 2013. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine and bilateral carpal tunnel syndrome. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appx. 1. (Tr. 109).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could lift, carry, push, and/or pull twenty pounds occasionally and ten pounds frequently; stand for two hours total in an eight-hour workday; walk for one hour total in an eight-hour workday; and sit for six hours total in an eight-hour workday; could never crawl, but could occasionally climb, balance, stoop, kneel, and crouch, as well as frequently reach; occasionally work at unprotected heights; occasionally tolerate exposure to moving mechanical parts, humidity, and wetness; could occasionally tolerate exposure to dust, odors, fumes, and other pulmonary irritants; and could never tolerate exposure to extreme cold and/or extreme heat. (Tr. 110).

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a Home Health Aide. (Tr. 114). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, jobs exist in the national economy that Plaintiff can perform, including the representative jobs of Office Helper, Information Clerk, and Cashier II. (Tr. 116). Accordingly, the ALJ found that Plaintiff was not disabled from the alleged onset date of May 1, 2013, through the date of the decision. *Id.*

IV.   *Plaintiff's Challenges*

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and must be remanded because: (1) the ALJ failed to give "good reasons" for rejecting the disability-supporting opinions from Plaintiff's treating physician, Dr. Amrit P. Singh;

and (2) the ALJ failed to incorporate any limitations from Plaintiff's severe impairment of bilateral carpal tunnel syndrome into the RFC. The Court agrees on both counts.

"Generally, [the Social Security Administration ("SSA")] give[s] more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [his or her] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2).[3] "If [the SSA] find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, [the SSA] will give it controlling weight." *Id.*

When an ALJ declines to give a treating physician's opinion controlling weight, the ALJ is required to "consider various factors to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). These factors include:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating [source's] opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

---

[3] Plaintiff filed her claim on July 8, 2013, thus the regulations codifying the treating physician presumption of deference were still in effect. See 20 C.F.R. §§ 404.1527; 416.927 ("For claims filed before March 27, 2017, the rules in this section apply. For claims filed on or after March 27, 2017, the rules in § 404.1520c apply.").

*Id.* "An ALJ does not have to explicitly walk through these factors, so long as the Court can conclude that the ALJ applied the substance of the treating physician rule[.]" *Scitney v. Colvin*, 41 F. Supp.3d 289, 301 (W.D.N.Y. 2014) (internal quotation omitted); *see also Harris v. Colvin*, 149 F. Supp.3d 435, 441 (W.D.N.Y. 2016) ("A corollary to the treating physician rule is the so-called 'good reasons rule,' which is based on the regulations specifying that the Commissioner "will always give good reasons"' for the weight given to a treating source opinion." (*quoting Halloran*, 362 F.3d at 32)). "Those good reasons must be supported by the evidence in the case record, and must be sufficiently specific ...." *Harris*, 149 F. Supp.3d at 441 (internal quotation marks omitted). Furthermore, the Second Circuit "[does] not hesitate to remand when the Commissioner's decision has not provided 'good reasons' for the weight given to a [treating physician's] opinion and [it] will continue remanding when [it] encounter[s] opinions from [ALJs] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33.

The opinions of one-time consultative examiners, on the other hand, are not entitled to any special weight. *See Benman v. Comm' of Soc. Sec.*, 350 F. Supp.3d 252, 258 (W.D.N.Y. 2018) ("Dr. Toor's opinion, which is based on a one-time consultative examination, is not entitled to any special weight."); *Pagano v. Comm'r of Soc. Sec.*, 2017 WL 4276653, at *5, (W.D.N.Y. Sept. 27, 2017) ("a consultative examiner's opinion is generally entitled to little weight, because their examinations are often brief, are generally performed without benefit or review of the claimant's medical history, and, at best, only give a glimpse of the claimant on a single day") (internal quotations and citation omitted); *Hamm v. Colvin*, 2017 WL 1322203, at *17 (S.D.N.Y. Mar. 29, 2017) ("Even where a

treating physician's opinion is not entitled to controlling weight, it is generally entitled to more weight than the opinions of non-treating and non-examining sources.") (internal quotations and citations omitted).

Here, the ALJ gave the collection of Plaintiff's long-time physician Dr. Singh's opinions "reduced weight" because "Dr. Singh checked boxes" and the opinions were "unsupported by any detailed or adequate explanation or cited clinical findings, and they contradict the well-supported opinions of consultative examiners Dr. Miller and Dr. Lee." (Tr. 113). The ALJ determined that the consultative examiner opinions of Dr. Miller and Dr. Lee, on the other hand, were entitled to "very significant weight." *Id*. This was error.

The ALJ's reasons for rejecting the disability-supporting opinions of Dr. Singh were not "good reasons." First, in regards to the ALJ's reason that Dr. Singh's opinions were "not consistent with the overall medical evidence" and "unsupported by any detailed or adequate explanation or cited clinical findings," the ALJ disregarded the four years of Dr. Singh's treatment notes, which repeatedly documented objective findings that support his opinions. (*See, e.g.*, Tr. 483 (mild degree of scoliosis; FABER test and hip rotation produced moderate discomfort bilaterally; positive straight leg raise bilaterally; positive Tinel's sign bilaterally; positive Phalen's test at the wrists; discomfort and crepitus on range of motion of both shoulders; pain with lumbar spine range of motion); Tr. 485 (pain in the lumbar spine with extension and flexion; painful lateral flexion to the left; positive straight leg raise bilaterally; tenderness over the mid and lower lumbar spinous processes and over the right sacroiliac joint); Tr. 487 (pain with range of motion of the lumbar spine; positive straight leg raise bilaterally; discomfort and crepitus on range of motion of both shoulders); Tr. 495 (mild scoliosis; pain with flexion and extension of the lumbar spine;

positive straight leg raise bilaterally; FABER test and hip rotation produced moderate discomfort bilaterally; crepitus on range of motion in both shoulders); Tr. 503-04 (study results revealed median neuropathy at both wrists compatible with carpal tunnel entrapment of mild to moderate degree); Tr. 1063 (positive straight leg raise bilaterally; positive Tinel's sign bilaterally; positive Phalen's test at the wrists; discomfort and crepitus on range of motion of both shoulders; pain with lumbar spine range of motion and lateral flexion)).

Second, the ALJ's finding that Dr. Singh's opinions "contradict the well-supported opinions of . . . Dr. Miller and Dr. Lee" is misleading in that it suggests again that Dr. Singh's opinions were not well-supported. Moreover, as discussed above, it is well-established that the opinions of one-time consultative examiners are generally entitled to little weight. *See Benman*, 350 F. Supp.3d at 258; *Pagano*, 2017 WL 4276653, at *5; *Hamm*, 2017 WL 1322203, at *17. "When there are conflicting opinions between the treating and consulting sources, the consulting physician's opinions or report should be given limited weight." *Piatt v. Colvin*, 80 F. Supp.3d 480, 494 (W.D.N.Y. 2015) (internal quotations and citations omitted). Accordingly, to the extent Dr. Miller and Dr. Lee's opinions did conflict with the opinions of Dr. Singh, the ALJ should have given preference to Dr. Singh's opinion, as he was Plaintiff's treating source. Furthermore, Dr. Miller and Dr. Lee's opinions contradict one another – a fact that the ALJ ignored when giving both opinions "very significant weight." Specifically, Dr. Miller opined that Plaintiff had mild limitation for heavy lifting, bending, and carrying (Tr. 450), whereas Dr. Lee opined that Plaintiff had moderate restrictions with activities involving bending, lifting, and carrying and pushing heavy objects, as well as moderate restrictions for prolonged standing,

walking, and climbing stairs. (Tr. 1088). Dr. Lee's opinion is more restrictive than Dr. Miller's opinion, yet the ALJ made no attempt to acknowledge or resolve those conflicts. An ALJ is not required to reconcile every conflict in a record, but "crucial factors in any determination must be set forth with sufficient specificity to enable [the deciding court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (internal citation omitted).

Finally, the ALJ took issue with the structure of the opinion forms that Dr. Singh completed for New York State Office of Temporary and Disability Assistance. (Tr. 113). However, it is improper to discount a treating physician's opinion due to its check box format. *See, e.g., Clarke v. Comm'r of Soc. Sec.*, 2019 WL 4783852 (W.D.N.Y. Oct 1, 2019) (finding the ALJ failed to use "good reasons" for discounting a treating physician's opinion where the ALJ's reasoning that the physician "mostly checked boxes" was an incorrect oversimplification and that the "fact that the responses [were] not entirely narrative [did] not detract from the substance of the opinion"); *see also Czerniak v. Berryhill*, 2018 WL 3383410, at *3 (W.D.N.Y. July 11, 2018) (finding that the ALJ failed to "comply with either the spirit or the letter of the treating physician rule" by rejecting a treating physician's opinion that was given on a form with "merely check boxes").

The ALJ's failure to evaluate properly Dr. Singh's opinions is harmful error because all five of the opinions include substantially more significant physical limitations than the ALJ included in the RFC. Notably, Dr. Singh included in every opinion that Plaintiff was "very limited" in using her hands (*see* Tr. 512; 514; 516; 518; 981), which is supported by objective evidence of record, including an electrodiagnostic examination that revealed median neuropathy at both wrists compatible with carpal tunnel entrapment (Tr. 504), and

positive Phalen's test and Tinel's sign bilaterally. (Tr. 483; 1063). However, the ALJ failed to include any limitations whatsoever in consideration of Plaintiff's severe impairment of bilateral carpal tunnel syndrome, which, as discussed below is error in of itself.

In sum, the ALJ's reasons for discounting the collection of Dr. Singh's disability-supporting medical opinions, which are well-supported by his own treatment notes, as well as diagnostic tests and physical therapy treatment notes, do not constitute "good reasons" and accordingly, remand for proper evaluation of Dr. Singh's opinions is warranted.

This case must also be remanded because the ALJ failed to incorporate any limitations from Plaintiff's severe impairment of bilateral carpal tunnel syndrome into the RFC. At step two, the ALJ determined that Plaintiff's bilateral carpal tunnel syndrome was a severe impairment. (Tr. 106). In making that finding, the ALJ found that bilateral carpal tunnel syndrome significantly limits Plaintiff's physical ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1520(c); 416.920(c). However, the ALJ's RFC finding contains no limitations relating to Plaintiff's carpal tunnel syndrome. Furthermore, the ALJ included no explanation in the RFC assessment indicating why he omitted any functional limitations relating to Plaintiff's carpal tunnel syndrome. This was error. *See* SSR 96-8p at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations")); *see also Green v. Berryhill*, 2018 WL 4764895, at *4 (W.D.N.Y. Oct. 2, 2018) (remanding where ALJ failed to include the impact of plaintiff's headaches on his functional capacity after finding

plaintiff's headaches were a severe impairment); *Fiutko v. Berryhill*, 2019 WL 2635738, at *3-4 (W.D.N.Y. June 27, 2019) (remanding where ALJ failed to incorporate limitations related to plaintiff's carpal tunnel syndrome into the RFC finding, reasoning that "[t]he Court therefore cannot discern whether the ALJ considered this impairment . . . when assessing the plaintiff's RFC. The ALJ mentioned no manipulative limitations, did not discuss any symptomology or medical evidence relating to [the] impairments, and did not state that he considered the combination of impairments in making his determination.").

The ALJ's failure to include any limitations relating to Plaintiff's bilateral carpal tunnel syndrome in the RFC is harmful error because the vocational expert testified that an individual with the same RFC as the ALJ found Plaintiff to have, who also had the limitations of occasional fingering, feeling and touching, as well as a sit/stand option that included short walks away from the work station for approximately five minutes, every thirty minutes, would be precluded from employment. (Tr. 47-48). Furthermore, the ALJ never included any other manipulative limitations or discussed any symptomology relating to carpal tunnel syndrome in any of the hypotheticals posed to the vocational expert.

Because the ALJ failed to include any limitations in the RFC relating to Plaintiff's bilateral carpal tunnel syndrome, after finding that the impairment was severe, he failed to demonstrate that he properly considered all of Plaintiff's impairments when crafting his RFC finding, resulting in an RFC finding that is unsupported by substantial evidence. Accordingly, remand is warranted.

## CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 14) is denied, and this case is remanded for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     January 22, 2021
            Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge